BLAIN, et al, Respondents, v. PATTERSON, et al, Appellants.

(253 N. W. 478.)

(File No. 7191. Opinion filed February 28, 1934.)

*Bailey & Voorhees,* of Sioux Falls, for Appellants.
*W. F. Bruell,* of Redfield, for Respondents.

PER CURIAM. This case is cognate to Gray Construction Company v. Hyde (Fantle, et al.), appeal No. 7189, wherein opinions will be found in 60 S. D. 265, 244 N. W. 320 (filed September 27, 1932), and 62 S. D. 345, 253 N. W. 464 (filed February 23, 1934). As pointed out in the last opinion above cited in the Gray Construction Case, five other actions were started in the circuit court of Codington county almost simultaneously with the Gray Construction Case and were appealed to this court upon stipulation that the results in each case should abide the decision of this court upon one appeal. The appeals here are No. 7189, wherein Gray Construction Company is respondent (in which the opinions above cited were written); No. 7190, wherein Bremner, as receiver of the Minneapolis & St. Louis Railroad Company, is respondent; the instant case, No. 7191, wherein Blain and another are respondents; No. 7192, wherein Chicago & Alton Railroad Company is respondent; No. 7193, wherein Chicago & Rock Island Railway Company is respondent; and No. 7194, wherein Northern Pacific Railway Company is respondent.

Anna R. Hyde, as executrix of the estate of A. W. Hyde, deceased, W. L. Baker, Lillian P. Fantle, as executrix of the estate of Charles Fantle, deceased, and Sam Fantle were defendants and appellants in all six of the cases, and their rights have been adjudicated and the entry of judgment with reference to them has been directed pursuant to the two opinions of this court in the Gray Construction Case hereinbefore referred to.

It is now brought to our attention that in appeals Nos. 7191 to 7194, inclusive, there is an additional defendant and appellant, M. G. Carlisle, who was not a party to the Gray Construction Case or to appeal No. 7191.

The existence of this additional defendant in four out of these six appeals was inadvertently overlooked, and judgment in these four cases was directed to be entered in the same manner as in the Gray Construction Case without regard to the situation with

reference to defendant-appellant Carlisle, and since he was not a party in the Gray Construction Case his situation was not discussed or considered therein.

The stock holdings of Carlisle appear to have been acquired in a fashion very similar to those of defendant-appellant Hyde dealt with in the opinion in the Gray Construction Case found in 60 S. D. 265, 244 N. W. 320. Carlisle was the owner of a total of 200 shares of stock of the par value of $100, all purporting to be fully paid and for none of which the company received to exceed $25 per share, and judgment below was against Carlisle on the basis of his indebtedness to the amount of $75 per share for the full 200 shares. It appears from the record, however, that Carlisle acquired 60 shares of this stock in 1907 and February, 1908, by transfer from private owners thereof without any knowledge or reason to know that the corporation had not been paid full value therefor. Then Carlisle, as an existing stockholder, took directly from the company as his proportionate share of a new stock issue 23 shares of stock for which he paid the company $25 per share. Several years later Carlisle purchased an additional 117 shares. As to the 23 shares which he admittedly purchased directly from the company as his allotment of the new stock issue and as to the subsequent block of 117 shares which he thereafter purchased, Carlisle is chargeable with notice that the company had received only $25 per share for such stock. As to Carlisle therefore the extent of recovery should not exceed the unpaid balance of $75 per share upon 140 shares of stock.

The judgment of this court as entered herein on February 23, 1934, and recorded in Judgment Book 16 at page 502, will stand vacated and annulled, and the judgment of this court will be that the judgment herein appealed from is reversed, and the case is remanded, with directions to the trial court to enter judgment in favor of appellants Lillian P. Fantle, executrix, and Sam Fantle, as set out in the opinion of the court in the Gray Construction Case filed February 23, 1934, and judgment in favor of respondent and against appellants Baker and Anna R. Hyde, executrix, as set out in the opinion in the Gray Construction Case filed September 27, 1932, 60 S. D. 265, 244 N. W. 320, and against appellant Carlisle with limitation of recovery to the unpaid balance upon 140 shares of stock, as hereinabove set out.

Respondent may tax costs against appellant Baker. Appellants Fantles may tax costs (including only one-half of brief costs) against respondent. No costs to be taxed by or against appellants Hyde or Carlisle.

The same form of judgment will be entered in appeals Nos. 7192, 7193, and 7194, and the judgments heretofore entered therein in this court on February 23, 1934, will stand canceled and annulled.

All the Judges concur.